# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3299 | **DATE** | 12/16/2002 |
| **CASE TITLE** | USA ex. rel. Preston Johnson vs. George C. Welborn, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The Appellate Court concluded that it was procedural confusion, and not monetary concerns, that motivated trial counsel's withdrawal of the ineffective assistance of counsel allegations. The Appellate court's finding was a reasonable construction of the facts presented. As such, this argument cannot form the basis of habeas relief. Johnson's petition for writ of habeas corpus is denied. Any pending motions are moot. The in court hearing date of 12/19/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/16/2002 | |
| | | courtroom deputy's initials GL | date mailed notice GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel )
PRESTON JOHNSON, )
 )
          Petitioner, )
 )
vs. ) No. 02 C 3299
 )
GEORGE C. WELBORN, Warden, )
Tamms Correctional Center, )
 )
          Respondent. )

DOCKETED
DEC 18 2002

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Petitioner, Preston Johnson, is currently incarcerated at the Tamms Correctional Center, Tamms, Illinois, where he is in the custody of Warden George Welborn. Currently before us is Johnson's Petition for Writ of Habeas Corpus. For the following reasons we deny Johnson's petition.

I. Background

Petitioner was one of seven co-defendants charged in connection with a shooting on January 25, 1989 in Chicago. The case was severed for trial. Petitioner and co-defendant Reginald Boclair were tried together in one bench trial. The five other co-defendants each had separate bench trials. At trial Petitioner was represented by attorney Lawrence Vance, who also represented co-defendant James Conti in one of the other severed trials. Petitioner was convicted of one count of first degree murder, two counts of attempted murder, six counts of armed violence, and four counts of aggravated

1



battery. Petitioner was sentenced to the Illinois Department of Corrections for concurrent terms totaling thirty-five years.

Petitioner appealed his convictions and sentences to the Illinois Appellate Court, First District. On March 25, 1996, the Illinois Appellate Court affirmed Petitioner's convictions and sentences for first degree murder and attempted murder. The court vacated Petitioner's convictions and sentences for aggravated battery and armed violence with regard to the two victims of attempted murder. Petitioner then filed a Petition for Leave to Appeal the Appellate Court's decision on direct appeal in the Illinois Supreme Court. The Illinois Supreme Court denied the Petition for Leave to Appeal on October 2, 1996. Petitioner filed a Petition for Post-Conviction Relief in the Circuit Court of Cook County on June 28, 1995. This Petition was denied on October 6, 1999. Petitioner appealed the denial of Post-Conviction Relief to the Illinois Appellate Court. On September 19, 2001, the court affirmed the Circuit Court's denial of Post-Conviction Relief. Petitioner filed a Petition for Leave to Appeal the Appellate Court's decision affirming the denial of post-conviction relief in the Illinois Supreme Court. The Court denied the Petition on February 6, 2002. Petitioner filed the instant Petition for Writ of Habeas Corpus on May 2, 2002.

II. Discussion

*Standard of Review*

Petitions for habeas corpus relief are governed by 28 U.S.C. §2254 as amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Federal habeas relief is only granted to petitioners who can establish that their incarceration violates federal law. *See* 28 U.S.C. §2254. Section 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has read the "contrary to" clause and the "unreasonable application" clause of this section to encompass two types of error that will cause a writ to issue. *See Williams v. Taylor*, 120 S. Ct. 1495, 1516 (2000). The "contrary to" clause refers to a state court decision that is opposite to the law announced by the Supreme Court. *See id.* at 1519. The "unreasonable application" clause governs all alleged errors in the State court's construction of facts as they apply to relevant Supreme Court precedent. *See id.* at 1520. Thus, erroneous application of the law by a state court will not be grounds for relief unless the application was also unreasonable. *See id.* at 1522.

Before a court can review a habeas petition on the merits it must conclude that the claims raised are cognizable on habeas review and are not procedurally defaulted. Because only federal law can be the basis of habeas relief, claims that a state court erred in applying its own law are not cognizable on habeas review. *See Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988); *see also Zamora v. Pierson*, 158 F.Supp. 2d 830, 835 (N.D. Ill. 2001). A claim will be procedurally defaulted where the petitioner has not raised all the relevant constitutional claims during the course of the state court proceedings. *See Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). "[F]or a [federal]

constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court." *Id.* at 1474.

*Petitioner's Arguments*

Petitioner makes five arguments in support of his Petition for Writ of Habeas Corpus. First, Petitioner argues that the Circuit Court erred in dismissing his post-conviction petition without an evidentiary hearing where petitioner demonstrated that trial counsel rendered ineffective assistance of counsel by failing to impeach by omission the State's witness. Second, Petitioner claims that the Appellate Court erred in affirming the Circuit Court's dismissal of the post-conviction petition without an evidentiary hearing. Petitioner's third argument is that he was not proven guilty beyond a reasonable doubt because the State relied upon the impeached testimony of its witnesses. Fourth, Petitioner argues that he was deprived of effective assistance of counsel at his trial because trial counsel represented both Petitioner and co-defendant Conti, thus creating a conflict of interest. Petitioner's fifth argument is that the Appellate Court made an unreasonable finding of fact when it concluded that the record was insufficient to infer that counsel withdrew his allegation of ineffectiveness to obtain bond money. Because we find these arguments unpersuasive, we deny Johnson's Petition for Writ of Habeas Corpus.

Petitioner's first argument in support of his Petition for Writ of Habeas Corpus is that the Circuit Court erred in dismissing his post-conviction petition without an evidentiary hearing. Petitioner's second argument is that the Appellate Court erred in affirming the Circuit Court's dismissal without an evidentiary hearing. Petitioner contends that an evidentiary hearing was necessary so that he could demonstrate that trial counsel rendered ineffective assistance of counsel

4

by failing to impeach the State's witness by omission. These arguments do not allege a constitutional violation and therefore are non-cognizable in federal habeas corpus. No constitutional or federal law entitles Petitioner to any state collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *see also Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). States have no duty to provide post-conviction relief, and may curtail or abolish collateral review as they please. *See Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997). Unless state collateral review violates some independent constitutional right, errors in such proceedings cannot form the basis for federal habeas corpus relief. *See Montgomery*, 90 F.3d at 1206. Because this alleged error in Petitioner's post-conviction proceeding did not violate an independent right of Petitioner it cannot support a claim for habeas relief. *See, e.g. Zamora*, 158 F. Supp.2d at 835.

Petitioner next argues that the State did not prove guilt beyond a reasonable doubt because it relied on the impeached testimony of its own witnesses. We find that this argument is procedurally defaulted and therefore cannot form the basis for habeas corpus relief. Section 2254 (b)(1)(A) forbids this Court from granting habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." In order to obtain federal habeas relief, Petitioner must first have "give[n] the state courts an opportunity to act on his claims." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1731 (1999). Petitioner has not exhausted his state law remedies as they relate to this claim. Indeed, it appears from the record that Petitioner never raised this claim in the State courts. As such, this Court may not review Petitioner's argument that he was not proven guilty beyond a reasonable doubt.

Petitioner next argues that trial counsel rendered ineffective assistance of counsel because counsel had a conflict of interest between his two clients, Petitioner and co-defendant Conti, that was

5

not cured by severing the bench trials. The Appellate Court found that Petitioner failed to object at trial to trial counsel's representation at separate trials of Petitioner and co-defendant Conti. Petitioner now urges this Court to declare that factual finding to be unreasonable, and to find that Petitioner, through his trial counsel, did in fact object at trial. The objection to which Petitioner points, however, is not an objection to multiple representation or trial counsel's purported conflict of interest. Rather, it is clear that trial counsel was, in fact, objecting to the proposed joint trial of all seven co-defendants and requesting severance because several of Petitioner's co-defendants had made statements against Petitioner's interests. Thus, the Appellate Court was reasonable in concluding that neither Petitioner nor trial counsel objected to Petitioner's counsel representing his co-defendant at a separate trial.

Absent an objection at trial, Petitioner must demonstrate that an "actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 100 S. Ct. 1708, 1718 (1980). In reviewing Petitioner's ineffective assistance of counsel claim on appeal, the Appellate Court applied this standard and concluded that there was no actual conflict of interest created by trial counsel's representation of Petitioner and Conti and that Petitioner had not been prejudiced. The Illinois Appellate Court reasonably applied the relevant facts to the correct Supreme Court precedent. Petitioner is therefore not entitled to habeas relief on this ground.

Petitioner next contends that the Appellate Court made an unreasonable finding of fact when it concluded that the record was insufficient to infer that trial counsel withdrew his allegation of ineffectiveness to obtain bond money. Petitioner's trial counsel raised and then withdrew the issue of ineffective assistance of counsel at the hearing on the motion for a new trial. The following dialogue occurred with regard to the ineffective assistance of counsel issue:

THE COURT: Very well, I don't understand this. Counsel has tried the case and counsel have said, "I have been ineffective?"

DEFENSE COUNSEL: No, Judge. That is only for appeal purposes. My understanding is in a Motion for a New Trial, in order for certain things to be raised, it would have to be in that Motion for a New Trial.

THE COURT: You should get off the case at this time. This poses a problem. Actually, the Court gets this Motion, but they are not filed by the attorney himself who tried the case saying that, you see. This is an admission. Your name is here saying that there should be a new trial because of ineffective assistance of counsel

DEFENSE COUNSEL: That is just for appeal purposes.

THE COURT: Well, now, the Court will indicate that the matter may arise, but it is generally a matter that is made in post-trial rather than – this is a post-trial in one sense. It is generally not made in this manner.

DEFENSE COUNSEL: At this time I would ask leave of the Court to amend.

THE COURT: [T]he Court will grant you leave to strike that allegation in this Motion at this time. That doesn't preclude the Defendant from raising the issue, for that matter. And the defendant will have an opportunity to raise the issue, for that matter.
Resp. Ex. B, p. 20-21

The Appellate Court concluded that it was procedural confusion, and not monetary concerns, that motivated trial counsel's withdrawal of the ineffective assistance of counsel allegation. The Appellate Court's finding was a reasonable construction of the facts presented. As such, this argument cannot form the basis of habeas relief.

III. Conclusion

For the reasons stated above, Johnson's Petition for Writ of Habeas Corpus is denied. It is so ordered.

MARVIN E. ASPEN
U.S. District Court Judge

Dated: 12/16/02

7